

> PARK COUNTY CLERK
OF DISTRICT COURT
JUNE LITTLE

2019 JUL 11  PM 2 00

FILED
BY _____
DEPUTY

1  Daniel P. Buckley
   Buckley Law Office, P.C.
2  125 W. Mendenhall
   Bozeman, Montana 59715
3  Telephone: 406-587-3346
   Email: dbuckley@danbuckleylaw.com
4
5  Lawrence A. Anderson
   Attorney at Law, P.C
6  300 4th Street North
   P.O. Box 2608
7  Great Falls, Montana 59403-2608
   Telephone: 406-727-8466
8  Email: laalaw@me.com
9
10 Attorneys for Plaintiffs
11        MONTANA SIXTH JUDICIAL DISTRICT COURT, PARK COUNTY
12
13 MARCIA MARSHALL, individually and on          Cause No. DV-2013-169
   behalf of all individuals of the class similarly
14 situated,
15            Plaintiffs,                         SECOND AMENDED COMPLAINT
16                                                AND DEMAND FOR JURY TRIAL
      vs.
17
18 SAFECO INSURANCE COMPANY OF
   ILLINOIS, and MID-CENTURY INSURANCE
19 COMPANY,
20            Defendants.
21
22        COMES NOW, Plaintiff, by and through counsel, and states, complains and alleges as

23 follows:

24                                  **FACTS**

25
26 1.   Plaintiff Marcia Marshall was involved in a serious automobile accident, in Park County,

27      Montana, on February 14, 2010, which gives rise to the insurance matters and issues that

28      form the basis of this Second Amended Complaint.  The matters that form the basis of


                                          1

this Second Amended Complaint and give rise to this lawsuit took place in Montana.

2. Defendant Safeco Insurance Company of Illinois has at all times relevant hereto been an insurance company licensed to do business in the state of Montana, providing insurance in the state of Montana, and was adjusting the claims which were the subject of this suit in the state of Montana.

3. Defendant Mid-Century Insurance Company has at all times relevant hereto been an insurance company licensed to do business in the state of Montana, providing insurance in the state of Montana, and was adjusting the claims which were the subject of this suit in the state of Montana.

4. The amount in controversy for Plaintiff's claim is less than $75,000.

5. On February 14, 2010, Ms. Marshall was riding as a passenger in a vehicle driven by Kevin Gallivan. Another individual, Peter Kirwan, owned the vehicle driven by Mr. Gallivan. A single vehicle accident occurred in Park County, Montana, as a result of Mr. Gallivan's negligence. Mr. Gallivan's liability for the accident was reasonably clear.

6. Ms. Marshall suffered serious injuries and damages arising from that automobile accident.

7. Defendant Mid-Century Insurance Company insured Mr. Gallivan. Defendant Safeco Insurance Company of Illinois insured Mr. Kirwan. Both defendant insurance companies provided for liability coverage for the negligence of Mr. Gallivan and indemnification for the injuries sustained by Ms. Marshall.

8. Defendants agreed to a *pro rata* split of the liability indemnification obligations eventually paid to Ms. Marshall in settlement.

9. Plaintiff Marci Marshall was at the same time insured by Blue Cross Blue Shield of

2

Texas, an individual health insurance policy purchased and paid for by Ms. Marshall.

10. As a result of the injuries sustained in said automobile accident, Blue Cross Blue Shield of Texas paid for certain medical bills for Ms. Marshall.  Blue Cross Blue Shield of Texas asserted a lien and subrogation claim and right in excess of $48,000 against any settlement proceeds paid by the Defendant insurers to Ms. Marshall.  Blue Cross Blue Shield was a "collateral source" that had a subrogation right.

11. Plaintiff settled her claim with the Defendant insurers prior to a trial and tort award.

12. In the resolution of Plaintiff Marci Marshall's liability claim against Kevin Gallivan, both Defendants Safeco Insurance Company of Illinois and Mid-Century Insurance Company sought to reduce the payment of damages owed to Ms. Marshall, based on payments made by Blue Cross Blue Shield of Texas, and in doing so relied upon the collateral source reduction statutes, §§ 27-1-307 and -308, MCA.

13. Plaintiff objected to any reduction in the payment of her damages via the collateral source statutes.

14. In resolution of Plaintiff's claim, Defendants continued to assert their purported right to a collateral source reduction in the payment of Plaintiff's damages, and in fact exercised their purported right to reduce the damages paid to Plaintiff by and through their use and/or adoption of the collateral source statute and its principles, in the amount of $15,000.

15. Plaintiff's claim for damages was resolved with Defendants, over objection to the collateral source reduction, and reserving any claims she has against the Defendant insurers, including their collateral source reduction.

16. The Defendant insurers named herein have programmatically utilized and relied upon the

3

collateral source statute or its principles to take a reduction against damages sustained and owed to their insureds (via first party coverages, such as uninsured motorist coverage, underinsured motorist coverages and medical payments coverages) or claimants (via liability coverages).

17. Defendants have a duty to understand the terms of automobile insurance policy law, and the law in Montana pertaining to the same, to handle claims arising under said policies and laws in strict accordance with the well established standards applicable to the insurance industry and the insuring laws of Montana, and to further apply the laws as written.

18. Defendants have a duty to effectuate full payment of damages when liability is reasonably clear.

19. Defendants also have numerous duties and obligations under the Montana Unfair Trade Practices Act, and may not:

(1) misrepresent pertinent facts or insurance policy provisions relating to coverages [or claims] at issue;

(3) fail to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(4) refuse to pay claims without conducting a reasonable investigation based upon all available information;

(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(7) compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds;

(13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

4

(14) fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

Mont. Code Ann. § 33-18-201 (1)(3)(4)(6)(7)(13) and (14).

20.   Both in the present case and programmatically, Defendants:

a)   do not observe and apply the plain language of the collateral source statute;

b)   do not determine whether the insured/claimant will be fully compensated prior to taking a reduction against damages owed to insured and claimants,

c)   do not conduct an investigation into whether the claimed collateral source is in fact a collateral source,

d)   do not conduct an investigation into whether the claimed collateral source does not in fact have a subrogation right,

e)   do not accurately represent pertinent facts or insurance policy provisions relating to coverages or claims at issue;

f)   have failed to adopt and implement reasonable standards for the prompt investigation of claims regarding the same,

g)   have refused to pay claims without conducting a reasonable investigation based upon all available information regarding the same,

h)   by the above, have misrepresented pertinent facts regarding an insurance policy and/or insurance claims and/or coverages by erroneously and unlawfully asserting its entitlement to collateral source reduction,

i)   by the above, have refused to pay claims (i.e., the full value of the claim by reduction via the collateral source payments) without conducting a reasonable investigation based upon all available information,

5

j)      by the above, have neglected to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear, including unlawfully taking collateral source reductions against damages owed, by asserting its rights to the same without conducting investigations as set forth herein, and by advising insureds/claimants of these purported rights and asserting the same,

k)      by the above, when liability was reasonably clear, have failed to promptly settle claims and pay one type of damage (i.e., the full value of the claim by its unlawful reduction via the collateral source payments) in order to influence settlement of claims for other types of damages (i.e., payment of the remaining value of the claim), and

l)      by the above, have failed to engage in good faith and fair dealing with claimants/insureds, have failed to settle claims with claimants/insureds in good faith, have failed to comply with honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade, and have engaged in bad faith adjustment.

21.     In this case, and as it applies to those similarly situated insureds and claimants, Defendants have unlawfully reduced payment of damages due and owing to claimants and/or insureds.

22.     By reason of this, Plaintiff Marci Marshall, and similarly situated insureds and claimants, did not receive the full payment of their damages.

**COUNT ONE**
**REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

23.     Plaintiff herein re-alleges and incorporates paragraphs 1 through 22 as though fully set

6

forth herein.

24. As set forth above, Defendants have certain duties and obligations in the claims handling and settlement process, in part as set forth in Montana's Unfair Trade Practices Act, § 33-18-201, *et. seq.*, MCA, and to comply with the common law prohibiting bad faith insurance adjusting and claims handling.

25. Defendants' claims handling practices, and their use of the collateral source statute, violates their duties and obligations under Montana common law and the Montana Unfair Trade Practices Act, for the reasons set forth in the preceding paragraphs.

26. Said collateral source statute applies, if at all, only upon a tort award after trial.

27. Said collateral source statute applies, if at all, only after the full amount of damages is ascertained and the damages are line itemized so as to determine if the purported collateral source payment is appropriately used to reduce the tort award and has a factual basis supporting the reduction.

28. Said collateral source statute does not apply when the "collateral source" has a subrogation right.

29. Said collateral source statute does not apply until the insured and/or claimant will actually recover full payment after judgment and the tort award.

30. Said collateral source statute does not apply and violates numerous laws in Montana.

31. Said collateral source statute is also unconstitutional, and violates the Montana Constitution, including the following provisions: Article II, § 4 (equal protection); Article II, § 17 (due process of law); Article II, § 16 (full legal redress and access to the courts); and Article II, § 26 (right to a jury trial).

32. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-202, MCA, a

7

person whose "rights, status, or other legal relations are affected by a statute...may have

determined any question of construction or validity arising under the...statute", and

"obtain a declaration of rights, status or other legal relations thereunder."

33. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-201, MCA, the courts have the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

34. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-313, MCA, the courts may grant, "Further relief...whenever necessary or proper."

35. Here, Plaintiff, and those similarly situated, have certain rights, status and other legal relations which have been affected by Defendants' conduct and the application of the collateral source statute or its principles, and Defendants are not entitled to apply and assert the collateral source statute to reduce their payment of owed damages for the reasons stated herein.  Given Defendants' conduct and their application of the collateral source statute or its principles, Plaintiff, and those similarly situated, have not received the entirety of their damages or tort award due and owing, and Defendants have unlawfully reduced payment of those damages.

36. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-201, § 27-8-201 ("declaration may be either affirmative or negative in form and effect") and § 27-8-313, MCA, Plaintiff requests: (1) the Court to issue a declaratory judgment in favor of her, and those similarly situated, finding that, Defendants unlawfully retained the purported collateral source amounts given the above allegations and averments, (2) for injunctive relief which disgorges Defendants of the unlawfully retained amounts and that said retained monies be returned to Plaintiff and class members, (3) alternatively, if the

8

Court determines that the Defendants are permitted to invoke the statute prior to a tort award and recovery, that Defendants be disgorged of the unlawfully retained amounts and be required to provide for the appropriate and reasonable investigation of the issues arising under the collateral source statute as set forth herein, (4) for injunctive relief requiring the Defendant to account for all unlawfully retained collateral offsets it has taken, and (5) for injunctive relief precluding Defendants from applying the collateral source statute in the future.

37.    Alternatively, or in addition, pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-201 ("declaration may be either affirmative or negative in form and effect") and § 27-8-313, MCA, Plaintiff requests: (1) the Court to declare that the collateral source statute is unconstitutional and unenforceable, (2) the Court declare that Defendants unlawfully retained the purported collateral source amounts via an unconstitutional statute, (3) for injunctive relief disgorging the unlawfully retained amounts and that said retained amounts be returned to Plaintiff and class members, and (4) for injunctive relief requiring the Defendant to account for all unlawfully retained collateral offsets it has taken, (5) for injunctive relief precluding Defendants from utilizing the collateral source statute in the future.

WHEREFORE, Plaintiff prays for this relief and the relief as more fully set forth herein and in the prayer for relief.

## COUNT TWO
### UNFAIR TRADE PRACTICES/COMMON LAW BAD FAITH

38.    Plaintiff herein re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39.    Defendants have violated subparagraphs 1, 4, 6, and 13 of and of Montana's Unfair Trade

9

Practices Act, § 33-18-201, MCA, causing Plaintiff to suffer injury, damage and loss, giving rise to a general tort action in favor of Plaintiff pursuant to § 33-18-242, MCA.

40. Defendants have engaged in common law bad faith and have violated the common law governing Defendants obligations to engage in good faith and fair dealing in the handling and adjustment of claims.

41. Defendants have a duty to understand the terms of automobile insurance policy law, and the laws in Montana pertaining to the same, to handle claims arising under said policies in strict accordance with the well established standards applicable to the insurance industry and to follow the laws of Montana.  Defendants' claim handling practices violated the well-established laws in Montana pertaining to in claims handling, the public policy of Montana, the plain statutory language of the collateral source statute, and the Constitution of the state of Montana.

42. As a direct and proximate result of that breach, Plaintiff is entitled to compensatory damages all in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for this relief and the relief as more fully set forth herein and in the prayer for relief.

**COUNT THREE**
**CLASS ACTION**

43. Plaintiff herein re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. The causes of action and claims for relief, set forth above, are incorporated herein by reference.

45. Plaintiff brings this action pursuant to the provisions of Rule 23(a) and Rule 23(b)(2) and/or (3) of the Montana Rules of Civil Procedure as a class action for herself and as

10

representative of and on behalf of all other persons similarly situated, to-wit persons similarly situated, to-wit:

- for each claimant and/or insured who made a claim for damages with one or both of the Defendant(s), in which,

  o Defendant(s) have taken reduction against the damages owed to the claimant and/or insured in payment of the claim pursuant to the collateral source statute and/or its principles, and

  ▪ have done so before trial and a tort award, and/or

  ▪ have done so without first conducting an investigation or inquiry into the matters set forth above in paragraph 19, and/or,

  o have taken a reduction against the damages owed to the claimant and/or insured in payment of claims pursuant to the collateral source statute or its principles that is deemed unconstitutional.

46.   This class action satisfies the prerequisite set forth in Rule 23(a) for maintaining a class action:

a) The class is so numerous that joinder of all members is impracticable.

b) There are questions of law and/or fact common to the class, to-wit: (a) whether Defendants taking a reduction for collateral source payments prior to trial and tort award, pursuant to the collateral source statute and/or its principles, in payment of claims is unlawful, (b) whether Defendants' reduction of collateral source payments in payment of claims or tort awards is allowed without first conducting an investigation and inquiry into the matters set forth above, (c) whether Defendants have taken a reduction for collateral

11

source payments without first applying the plain terms of the statute, and (d) whether Defendants' taking a reduction of collateral source payments by Defendants is done pursuant to an unconstitutional statute. Further, Defendants have engaged in said conduct, in violation of the laws of Montana, and all of this is a common contention central to the validity of the claims of all class members that will drive the resolution of this litigation because, in part, Defendants have each operated under a company wide policy in Montana to programmatically apply the collateral source statute (or its principles) to Plaintiff and the class members in the same manner, and, thus, this litigation will generate common answers for all class members.

c) Plaintiff's claim herein is typical of the class, to-wit: Plaintiff's claims and remedies sought stem from the same event, practice and/or course of conduct, just as the class members' claims and remedies do, and Plaintiff's claims are based upon the same legal and/or remedial theory as that of the class members. Plaintiff's claims and the class claims arise from Defendants' unlawful use and application of the collateral source statute, or its principles, resulting in Plaintiff and class members receiving less than the full amount of the amounts due to them and Defendants have taken reduction in payment of damages, by retaining the same, and the remedy is the same for each as set forth herein.

d) Plaintiff has no interest in conflict with the members of the class, and Plaintiff's counsel has experience representing plaintiffs in class actions, and Plaintiff and her counsel will fairly and adequately protect the interest of the

12

class.

47. Defendants have acted on grounds that are generally applicable to the class, thereby making appropriate corresponding declaratory and/or injunctive relief with respect to the class as a whole, as more fully set forth above and incorporated herein by reference.

48. Questions of law or fact common to the members of the class predominate over any questions effecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49. That, should the collateral source statute be declared unconstitutional or that its express terms do not apply to pre-award claims, the collateral source payments retained by Defendants via a reduction in the payment of damages be disgorged and returned to Plaintiff and class members.

50. That, alternatively, should the collateral source statute not be declared unconstitutional or that its express terms do apply to pre-award settlements, that the collateral source payments retained by Defendants be disgorged and returned to Plaintiff and class members until such time as Defendants reopen any such claims, and readjust said claims to the extent necessary with the appropriate investigation and inquiry, as more fully described above, regarding the applicability and appropriateness of the collateral source reductions.

51. That Defendants be enjoined from further engaging in the acts described herein, including the use of the collateral source statute, and its principles, via taking a reduction in the payment of damages to insured and claimants.

52. Plaintiff and the members of the class are entitled to compensatory damages, and declaratory relief and/or injunctive relief.

13

1    WHEREFORE, Plaintiff prays for this relief and the relief as more fully set forth herein
2  and in the prayer for relief.

3                              **COUNT FOUR**
4                             **COMMON FUND**

5  53.    Plaintiff herein re-alleges and incorporates by reference paragraphs 1 through 52 as
6          though fully set forth herein.

7  54.    As a result of the efforts of Plaintiff, a common fund will be created whereby all in the
8          class will share in the common fund and all such class members should bear a
9          proportionate share of the litigation costs, including attorneys fees and costs incurred
10         therein.

11         WHEREFORE, Plaintiff prays for this relief and the relief as more fully set forth herein
12 and in the prayer for relief.

13                             **COUNT SIX**
14                  **PRIVATE ATTORNEY GENERAL**

15 55.    Plaintiff re-alleges and incorporates paragraphs 1 through 54 above as if fully set forth
16        herein.

17 56.    The State of Montana, through its insurance commissioner, has declined or failed to
18        enforce the provisions of the laws of Montana, as more fully articulated above, to ensure
19        that all claimants and insureds receive the benefit of their full damages, pursuant to
20        Montana law.

21        WHEREFORE, Plaintiff prays for this relief and the relief as more fully set forth herein
22 and in the prayer for relief.

23                          **PRAYER FOR RELIEF**

24        WHEREFORE, Plaintiff prays for relief as follows:

14

1.     For Judgment in favor of Plaintiff and the class, and against Defendants.

2.     Pursuant to the provisions of Montana's Declaratory Judgment Act to declare and enter Judgment in favor of Plaintiff and the class members as more fully set forth above.

3.     To enjoin Defendants from engaging in the conduct as set forth above.

4.     For injunctive relief requiring Defendants to account for all unlawfully taken offsets under the Collateral Source Offset Statute

5.     For injunctive relief requiring Defendants to disgorge the amounts withheld through the conduct set forth above, and/or return said amounts to the claimants and/or insureds, and to require compliance with Montana law as more fully set forth above.

6.     To award attorney's fees and costs incurred herein.

7.     To award Plaintiff general and special damages in amounts sufficient to compensate her for Defendants' wrongful conduct.

8.     For such interest as prescribed by law.

9.     For such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED and DATED this 9th day of July, 2019.

BUCKLEY LAW OFFICE, P.C.

By
Daniel P. Buckley
Attorney for Plaintiff

15

1

## DEMAND FOR JURY TRIAL

2

Plaintiff requests a jury trial of all issues triable by jury in this cause.

3

DATED this 9th day of July, 2019.

4

5                                      BUCKLEY LAW OFFICE, P.C.

6

                                       By: _____
7                                      Daniel P. Buckley
                                       Attorney for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

EXHIBIT E, Page 1616

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 9th day of July, 2019, a true and correct copy of the foregoing document was duly served on the following by:

[ 2, 3, 4 ] U. S. Mail [ ] Hand Delivery [ ] FAX [1 ] email

1.
Lawrence A. Anderson
Attorney at Law, P.C
300 4th Street North
P.O. Box 2608
Great Falls, Montana 59403-2608

2.
Paul Tranel
Bohyer, Erickson, Beaudette, & Tranel, PC
283 West Front St., Ste. 201
Missoula, MT 59802

3.
Nicholas J. Pagnotta, Esq.
Alexander Tsomaya, Esq.
Williams Law Firm, PC
PO Box 9440
Missoula, MT 59807-9440

4.
Hon. Rienne McElyea
Law and Justice Center
615 S. 16th Ave.
Bozeman, MT 59715

V. Cary Van Doren
V. Cary Van Doren

17

EXHIBIT E, Page 1717